BLAISDELL (UNITED STATES v.). See Case No. 14,608.

## Case No. 1,492.

### In re BLAKE.

[2 N. B. R. 10 (Quarto, 2).] [1]

District Court, W. D. Michigan. July 2, 1868.

BANKRUPTCY—EXAMINATION OF BANKRUPT—WITNESS—ACT OF 1867.

1. The examination of the bankrupt must be regarded in the nature of the examination of a witness; there is no good reason why anyone possessing information may not be required to submit to an examination.

[Cited in Re Krueger, Case No. 7,942.]

2. A witness cannot rightfully object to being sworn or refuse to be examined upon any matters which shall be within the subjects mentioned in section twenty-six of the United States bankrupt act of 1867.

[Cited in Re Krueger, Case No. 7,942.]

In bankruptcy. This was a case of involuntary bankruptcy. Adjudication was made June 10th, 1868. On the 1st day of July the petitioning creditors applied to the district judge for a summons for one Charles H. Hackley to appear before the register, Col. E. H. Thompson, and submit to an examination under section twenty-six of the bankrupt act; their application showing, among other things, that the said Hackley had knowledge of the location, situation and condition of the bankrupt's property and of the disposal thereof in fraud of said act. The summons was issued and Mr. Hackley appeared in pursuance thereof, attended by counsel, who objected to his being sworn for the following reasons:

First. The act authorizes the examination of persons other than the bankrupt as witnesses only.

Second. There being no issue in this case and no fact in dispute, this person cannot be examined as a witness.

Third. Only the bankrupt can be examined generally as to his affairs under section twenty-six [of the act of March 2, 1867 (14 Stat. 529)]; other persons not until an issue is found.

Under the advice of his counsel, and on the above ground, the witness refused to be sworn.

WITHEY, District Judge. By the twenty-sixth section of the bankrupt act, the court may, upon application of the assignee or a creditor, or without any application, "at all

. [1] [Reprinted by permission.]

times," require the bankrupt to attend and submit to an examination in reference to the subjects embraced in the first paragraph of the section. And may "in like manner," that is, upon like application, or without any application, and "at all times," require the attendance of any other person as a witness. The examination of the bankrupt must be regarded in the nature of the examination of a witness, and there is no good reason why any one possessing information may not be required to submit to an examination. What can the person examined as a witness be examined concerning? Clearly it must be concerning the same subject in reference to which the bankrupt may be examined, so far as he has knowledge. No other matter is referred to in the section as the subject of inquiry and examination.

Disclosure is the object of any examination under section twenty-six, and in a case of involuntary bankruptcy it may not be possible to obtain the presence of the bankrupt for examination. If, then, a person other than the bankrupt cannot be examined generally upon the subjects embraced in this section, the purpose of the section may often be defeated, even where there are known parties who possess the requisite information concerning the bankrupt's estate. There is nothing in the section or the act indicating that a person other than the bankrupt cannot be required to attend as a witness and testify until an issue is made up or some fact is in dispute. I am of the opinion, therefore, that the witness cannot rightfully object to being sworn or refuse to be examined upon any matters in the application made and filed for his examination which shall be within the subjects mentioned in section twenty-six, in reference to which the bankrupt may be required to submit to an examination. * * *